UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENDEAVOR MESHTECH, INC., <br><br>    Plaintiff, <br><br> v. <br><br> ITRON, INC., <br><br>    Defendant. | Civil Action No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Endeavor MeshTech, Inc. ("Plaintiff" or "Endeavor"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant Itron, Inc. ("Defendant" or "Itron") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,379,981 entitled "*Wireless Communication Enabled Meter and Network*" (hereinafter, the "'981 Patent" or "Patent-in-Suit"; a copy of which is attached hereto as Exhibit A). Plaintiff is the owner of the Patent-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Endeavor MeshTech, Inc. is a corporation organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 36 Fairway Place, Half Moon Bay, San Mateo County, California, 94019. Plaintiff is the owner of the Patent-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from

making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to license the Patent-in-Suit, and to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, Itron is a corporation duly organized and existing under the laws of the State of Washington since December 1, 1977 and having its principal place of business located at 2111 North Molter Road, Liberty Lake, Spokane County, Washington, 99019. Upon information and belief, Defendant is registered as a Foreign Corporation with the Delaware Division of Corporations. Defendant may be served through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware, 19904.

4. Upon information and belief, Itron ships, distributes, makes, uses, offers for sale, sells, and/or advertises its products under its OpenWay® brand name system architecture.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

7. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Delaware, and the District of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in the District of Delaware. Defendant solicits customers in the State of Delaware and in the District of Delaware. Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products in the State of Delaware and in the District of Delaware.

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

9. The Patent-in-Suit was duly and legally issued by the United States Patent and Trademark Office on May 27, 2008 after full and fair examination. Plaintiff is the owner of the Patent-in-Suit, and possesses all right, title and interest in the Patent-in-Suit including the right to enforce the Patent-in-Suit, and the right to sue Defendant for infringement and recover past damages.

10. On information and belief, Defendant owns, operates, advertises, and/or controls the website www.itron.com, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,379,981

11. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

12. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the Patent-in-Suit either literally or under the doctrine of equivalents through the

manufacture and sale of infringing products under the OpenWay® brand and affiliated services. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the Patent-in-Suit because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises a self-configuring wireless network, including but not limited to Itron's OpenWay® system architecture.  Defendant provides a self-configuring wireless network that incorporates a network cluster, virtual gate, and virtual network operations entity through the use of devices which may, but do not necessarily, include Itron's Zigbee-enabled OpenWay CENTRON® meters and Cisco 1000 Series Connected Grid Routers (the "Accused Products")..  Specifically, one or more of Defendant's Accused Products, infringes one or more of the claims of the Patent-in-Suit.  Upon information and belief, Defendant's Accused Products and affiliated services are available for sale on its website and through various retailers located in this district and throughout the United States.

13.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15.    Defendant's acts of infringement of Plaintiff's rights under the Patent-in-Suit has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

## JURY DEMAND

16. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patent-in-Suit;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

E. Any further relief that this Court deems just and proper.

| | |
|---|---|
| Dated: July 26, 2013 | */s/ Stamatios Stamoulis* |

                                                Stamatios Stamoulis #4606
                                                      stamoulis@swdelaw.com
                                                Richard C. Weinblatt #5080
                                                        weinblatt@swdelaw.com
                                               **STAMOULIS & WEINBLATT LLC**
                                               Two Fox Point Centre
                                               6 Denny Road, Suite 307
                                               Wilmington, Delaware 19809
                                               Telephone: (302) 999-1540

                                               Jacqueline K. Burt, *Pro Hac Vice* Anticipated
                                                     Email: jburt@hgdlawfirm.com
                                               Dara T. Jeffries, *Pro Hac Vice* Anticipated
                                                     Email: djeffries@hgdlawfirm.com
                                             **HENINGER GARRISON DAVIS, LLC**
                                               3621 Vinings Slope, Suite 4320
                                               Atlanta, Georgia 30339
                                               Telephone: (404) 996-0861, 0867
                                               Facsimile: (205) 547-5502, 5515

                                               Joseph C. Gabaeff, *Pro Hac Vice* Anticipated
                                                     Email: jgabaeff@hgdlawfirm.com
                                               9800 D Topanga Canyon Boulevard, #347
                                               Chatsworth, California 91311
                                               Telephone: (205) 326-3336
                                               Facsimile: (205) 326-3332

                                               Franciscus L. Diaba, *Pro Hac Vice* Anticipated
                                                   Email: fdiaba@srff.com
                                               Harvey Kesner, *Pro Hac Vice* Anticipated
                                                   Email: hkesner@srff.com
                                             **SICHENZIA ROSS FRIEDMAN**
                                                **FERENCE LLP**
                                               61 Broadway
                                               New York, New York 10006
                                               Telephone: (212) 930-9700
                                               Facsimile: (212) 930-9725

                                  *Attorneys for Plaintiff,*
                               *Endeavor MeshTech, Inc.*